IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HOWARD O. KIEFFER, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | 1:14-cv-01547 |
| | : | |
| WARDEN JUAN BALTAZAR | : | Hon. John E. Jones III |
| | : | |
| Respondent. | : | |

## MEMORANDUM

### March 9, 2015

Howard O. Kieffer, formerly an inmate confined in the Allenwood Low Security United States Penitentiary in White Deer, Pennsylvania,[1] filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  (Doc. 1).  Kieffer argues that the Bureau of Prisons ("BOP") has erred in calculating his federal sentence.  Id.  He therefore requests that this Court order his immediate release from custody.  Id.  The petition is ripe for disposition and, for the reasons set forth below, will be dismissed.

## I.    Background

In 2008, Kieffer was convicted in the United States District Court for the District of North Dakota for mail fraud and making false statement "arising from

---

[1] After Kieffer filed this petition, he was transferred to the Englewood Federal Correction Institution in Littleton, Colorado.  (Doc. 15).

his conduct of posing as a licensed criminal defense attorney." United States v.

Kieffer, No. 13-1371, 2014 WL 7238565, at *1 (10th Cir. Dec. 22, 2014).  Kieffer

was sentenced to fifty-one months of imprisonment (the "North Dakota sentence").

Id.  In 2009, Kieffer was convicted in the United States District Court for the

District of Colorado (the "Sentencing Court") for wire fraud, making false

statements, and contempt of court.  Id.  On August 16, 2010, the Sentencing Court

sentenced Kieffer to fifty-seven months imprisonment, to be served consecutive to

his previous North Dakota sentence.  Id.

     Kieffer appealed his conviction and sentence to the United States Court of

Appeals for the Tenth Circuit.  Id. at *2.  The Tenth Circuit affirmed the

conviction, but vacated Kieffer's sentence and remanded for resentencing pursuant

to U.S.S.G. § 5G1.3(b).  Id.  On August 22, 2013, the Sentencing Court conducted

a resentencing hearing.  Id.  At that hearing, the Sentencing Court ruled that

Kieffer

> is hereby committed to the custody of the Bureau of Prisons to be
> imprisoned for a term of 99 months on Counts 1 and 2. The terms of
> imprisonment in this case are to be served concurrently to one another
> and also concurrent to the 51 months of imprisonment that was
> imposed upon and served by defendant in [connection to his North
> Dakota sentence].
>
> Just to make it clear, it is the Court's intent that the defendant be
> incarcerated for a term of 48 months for the criminal conduct he was
> convicted of in Counts 1 and 2 in this case. So that's 99 months less or
> adjusted by the 51 months that he served in North Dakota for a total of
> 48 months.

Id. at *2-3.

In its written Order issued September 3, 2013, the Sentencing Court stated that Kieffer's ninety-nine month sentence was to be adjusted by subtracting fifty-one months based on time already served, for a total forty-eight month sentence to be served concurrent with the North Dakota sentence.  Id. at *3.  After noticing that this Order unintentionally resulted in Kieffer serving only an additional eight month sentence, rather than the intended forty-eight months, on September 5, 2013, the Sentencing Court issued a Second Amended Judgment in an attempt to correct the error.  Id.  Thereafter, the Sentencing Court issued two further Amended Judgments on March 26, 2014 and April 4, 2014 in further attempts to correctly impose the intended sentence.  Id. at *4-5.

On May 19, 2014, Kieffer filed a motion with the Tenth Circuit to vacate the Sentencing Court's Amended Judgments.  (Doc. 10, Ex. 6).  On August 7, 2014, while his appeal was pending with the Tenth Circuit, Kieffer filed this petition for writ of habeas corpus, arguing that the BOP was improperly implementing his sentence.  (Doc. 1).

On December 22, 2014, the Tenth Circuit granted Kieffer's motion, finding that the Sentencing Court did not have authority to enter the Amended Judgments. Kieffer, 2014 WL 7238565, at *7.  Consequently, the Tenth Circuit vacated the Sentencing Court's Amended Judgments, and remanded with instructions for "the

district court to enter a new and final judgment[.]" Id. at *8.  As a result, on

February 20, 2015, the Sentencing Court imposed a new and final judgment,

sentencing Kieffer to eighty-eight months imprisonment, to run concurrent with the

North Dakota sentence.  (Doc. 22, Ex. 2).

## II.   Discussion

A challenge to the execution of a federal prisoner's sentence by the Bureau

of Prisons may properly be raised in a petition for writ of habeas corpus under 28

U.S.C. § 2241.  Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009) (citing

Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241-42 (3d Cir. 2005); Coady v.

Vaughn, 251 F.3d 480, 485 (3d Cir. 2001)).  However, where a prisoner challenges

the validity of the sentence rather than its execution, such a challenge is properly

brought under 28 U.S.C. § 2255.  Coady, 251 F.3d at 485.

Here, the Sentencing Court has sentenced Kieffer to imprisonment for

eighty-eight months.  (Doc. 22, Ex. 2).  This sentence effectively commenced on

August 16, 2010, the date of Kieffer's initial sentencing.  See, Blood v. Bledsoe,

648 F.3d 203, 208-09 (3d Cir. 2011).  This means that, excluding good conduct

time, Kieffer's sentence will end on December 16, 2017.  Despite the plain terms

of this sentence, Kieffer claims the BOP is misinterpreting the sentence.  (Doc. 2).

While Kieffer argues he is challenging the BOP's implementation of his

sentence, a thorough reading of Kieffer's petition and accompanying memoranda

4

makes clear that he is in fact challenging the validity of the Sentencing Court's

Amended Judgment, not its execution.  In that vein, the oral sentence given by the

Sentencing Court was superseded by the subsequent Amended Judgments.  It is

these Amended Judgments that the BOP has implemented.  Kieffer argues that

these judgments are invalid, and the BOP should therefore implement the oral

judgment rendered on August 22, 2013.[2]

This leaves little doubt that Kieffer does not challenge the implementation of

his sentence, but instead challenges the validity and legality of Sentencing Court's

Amended Judgments.[3]  Despite the language employed in Kieffer's memoranda,

"the substance and not the form of the requested relief is ultimately controlling[.]"

Boyce v. Dembe, 47 F.App'x 155, 160 (3d Cir. 2002) (quoting Centifanti v. Nix,

865 F.2d 1422, 1429 n. 8 (3d Cir. 1989)).  Essentially, Kieffer requests that this

Court declare the Sentencing Court's final judgment void, and supersede that

sentence with this Court's interpretation of the Sentencing Court's oral

pronouncements.  This Court does not have jurisdiction to entertain such a request.

---

[2] In his original Memorandum of Law, Kieffer concludes that "[t]his [C]ourt should reach the conclusion that the orally pronounced sentence, upon Mr. Kieffer's August 22, 2013 resentencing . . . should be the only sentence to be properly executed by the Bureau of Prisons." (Doc. 2, p. 27).  In his Supplemental Memorandum of Law, Kieffer reiterates his challenge of the validity of his sentence by stating "[t]he fact that the court expected the BOP to take a certain action, but was frustrated that it took another action . . . does not provide jurisdiction to substantively modify a previously imposed sentence."  (Doc. 22, p. 10).

[3] Kieffer admits that the BOP had not yet implemented the Sentencing Court's final Order. (Doc. 22, p. 9).  Plainly then, Kieffer cannot be challenging the implementation of that sentence.

Because Kieffer challenges the validity of his sentence, not its execution, his proper remedy lies in a Section 2255 petition with the sentencing court.  <u>See</u>, 28 U.S.C. § 2255(a).  "[U]nder the explicit terms of 28 U.S.C. § 2255, unless a § 2255 motion would be 'inadequate or ineffective,' a habeas corpus petition under § 2241 cannot be entertained by the court."  <u>Cradle v. U.S. ex rel. Miner</u>, 290 F.3d 536, 538 (3d Cir. 2002).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim."  <u>Id.</u>

Kieffer admits that direct review of the Sentencing Court's final sentencing order is ongoing, and therefore he has not yet exhausted direct appeals.  (Doc. 22, p. 12).  As direct appeals have not yet concluded, Kieffer clearly has not filed a Section 2255 motion with the sentencing court.  Nor has Kieffer made any argument that a Section 2255 motion would be inadequate or ineffective, and thorough reading of Kieffer's memoranda reveals no basis to reach such a conclusion.[4]  Consequently, this Court does not have jurisdiction to consider Kieffer's habeas petition, and must dismiss the petition without prejudice.

---

[4] The only conceivable argument that a Section 2255 remedy is inadequate would rest on a delay in submitting such a motion pending direct appeals.  However, such a delay does not render a Section 2255 motion inadequate or ineffective.  <u>E.g.</u>, <u>Mesina v. Johns</u>, 150 F.App'x 129, 130 (3d Cir. 2005) (citing <u>United States v. Pirro</u>, 104 F.3d 297, 299 (9th Cir. 1997)).

Finally, even assuming that this Court could adjudicate Kieffer's 2241 petition, he would not be entitled to the relief he seeks.  Kieffer requests that this Court recognize the August 22, 2013 oral judgment as his final, valid sentence and order the BOP to implement that sentence.  (Docs. 1, 2, 18, 22).  If that sentence were implemented, Kieffer argues, he would be subject to immediate release from custody.  Id.  However, the oral judgment of the Sentencing Court was quite clear:

> it is the judgment of the Court that the defendant, Howard O. Kieffer, is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of 99 months on Counts 1 and 2. The terms of imprisonment in this case are to be served concurrently to one another and also concurrent to the 51 months of imprisonment that was imposed [by the North Dakota sentence].

(Doc. 3, Ex. B, p. 126).

Thus, the Sentencing Court effectively impose a forty-eight month sentence beginning on August 22, 2013, not accounting for good conduct time and time that Kieffer had spent in custody after completing his North Dakota sentence.[5]  See (doc. 3, Ex. B, p. 94).  The Sentencing Court's oral sentence therefore would have resulted in a release date of April 30, 2017, not including any credit received for good conduct time earned while serving his sentence.  Consequently, even under the Sentencing Court's oral sentencing, Kieffer would not be entitled to immediate release as he argues.

---

[5] Good conduct time and time spent in custody prior to sentencing totaled 114 days. (Doc. 3, Ex. B, p. 94).

**III.** **Conclusion**

A review of the record reveals that this Court does not have jurisdiction to consider Kieffer's petition for writ of habeas corpus. Consequently, his petition will be dismissed without prejudice.

An appropriate Order will be entered.